UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GENE A. FREEMAN,

Plaintiff,

v. Case No. 3:26-cv-427-JEP-LLL

RICKY DIXON, et al.,

Defendants.

---

**ORDER**

Plaintiff Gene A. Freeman, an inmate of the Florida Department of Corrections ("**FDOC**"), is proceeding on a pro se Complaint for Violation of Civil Rights ("**Complaint**," Doc. 1). Plaintiff sues the following Defendants in their individual and official capacities: (1) FDOC Secretary Ricky Dixon; (2) Warden S. Swan; (3) Captain C.I. James; (4) Officer Walker; (5) Administrative Assistant Megan Cormier; (6) APRN Lyla Smith ("**Nurse Smith**") of Centurion Medical; and (7) LPN Richardson ("**Nurse Richardson**") of Centurion Medical. (*See id.*). Plaintiff purports to raise medical deliberate indifference and retaliation claims based on events that occurred at Columbia Correctional Institution Annex on or around December 27, 2025. (*Id.* at 3, 5).

On that day, Plaintiff saw Nurse Smith about his HIV symptoms.[1] (*Id.* at 5). Nurse Smith advised him to avoid meats and consume vegetables from the regular food trays. (*Id.*). Plaintiff alleges Nurse Smith was negligent because she did not prescribe the right diet, did not perform a dietary diagnostic test, and did not provide adequate treatment. (*Id.*). Since that visit, Plaintiff alleges he has not been seen by any medical doctor and has been receiving a small meal by Officer Walker every morning. (*Id.*). Plaintiff alleges he suffers from nutritional inadequacy, blood in the stool, weight loss because of poor food preparation, and mental and physical anguish. He asks for proper medical care and punitive/monetary damages of $250 million. (*Id.*).

The Prison Litigation Reform Act requires the Court to dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and, therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To

[1] Plaintiff does not describe his symptoms. (*See* Doc. 1).

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). The factual allegations in a complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). All reasonable inferences should be drawn in favor of the plaintiff. *See Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). While "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice,*

*Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). Further, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Rehberger v. Henry Cnty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (unpublished but persuasive) (quotations and citation omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678, 680.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham*, 654 F.3d at 1175 (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a section 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); *Porter v. White*, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must

'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show: (1) "that he suffered a deprivation that was[] 'objectively, 'sufficiently serious'"; and (2) "the defendant acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade,* 106 F.4th 1251, 1261–62 (11th Cir. 2024) (quoting *Farmer*, 511 U.S. at 834, 839). Under the criminal-recklessness standard, the inmate must "prove that the defendant prison official *actually* knew of a substantial risk of serious harm, not just that he *should have known*." *Id.* at 1257 (emphasis in original). Further, "a deliberate-indifference plaintiff must show that the defendant official was subjectively aware that his own conduct—[] his own actions or inactions—put the plaintiff at substantial risk of serious harm." *Id.* at 1258, 1262. Nevertheless, a defendant, who "actually knew of a substantial risk to inmate health or safety," cannot be found liable under the

Cruel and Unusual Punishments Clause, if he "responded reasonably to the risk." *Id.* at 1262 (quoting *Farmer*, 511 U.S. at 844–45).[2]

"Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" *Harris v. Coweta Cnty.*, 21 F.3d 388, 393 (11th Cir. 1994) (quoting *Estelle*, 429 U.S. at 105). Additionally, when a prisoner receives medical care "and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1272 (11th Cir. 2020). For instance, "whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (quoting *Estelle*, 429 U.S. at 107). Similarly, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support a claim of cruel and unusual punishment." *Hoffer*, 973 F.3d at 1273 (alteration in original) (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)).

[2] To the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with *Wade*, "they should continue to be cited as binding precedent." *Wade*, 106 F.4th at 1265 (Jordan, J., concurring).

Construing Plaintiff's allegations liberally,[3] Plaintiff has not stated a plausible claim for relief against any of the named Defendants. As to Nurse Smith, Plaintiff does not allege that she knew of a substantial risk of serious harm to Plaintiff, or that she knew that her own conduct put Plaintiff at a substantial risk of serious harm, to support a medical deliberate indifference claim. To the extent Plaintiff disputes the adequacy of Nurse Smith's care, this Court cannot "second guess [the] medical judgment[]" of a medical provider. *Hoffer*, 973 F.3d at 1272. Even if Plaintiff could establish that Nurse Smith were negligent, the Constitution is not implicated by the negligent acts of prison officials. *See Estelle*, 429 U.S. at 106 (stating that allegations of medical negligence do not satisfy the stringent deliberate indifference standard). Accordingly, the Court will dismiss the deliberate indifference claim against Nurse Smith. The Court will also dismiss Nurse Richardson from this action, because there are no factual allegations to support a deliberate indifference (or any other) claim against her.

With respect to Officer Walker, Plaintiff simply alleges that he has been giving him a small meal every morning. "Under the Eighth Amendment, a prisoner only is entitled to reasonably adequate food." *Hernandez v. Fla. Dep't*

---

[3] In assessing a pro se party's pleadings, the court must read the allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

*of Corr.*, 281 F. App'x 862, 865 (11th Cir. 2008) (unpublished but persuasive) (citing *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985)). "A prison does not violate the Eighth Amendment by feeding a prisoner a minimal amount of food for a limited number of days." *Hernandez*, 281 F. App'x at 865–66 (affirming a dismissal for failure to state a claim "regarding the routine deprivation of lunch to [plaintiff] five days per week for about five months" where plaintiff "did not allege that he was deprived of the two other daily meals or that he suffered physical harm from the deprivation"); *see also Novak v. Beto*, 453 F.2d 661, 665, 668 (5th Cir. 1971)[4] (finding no violation of the Eighth Amendment when a prisoner in solitary confinement was given one slice of bread twice a day, unlimited water, and a full meal every three days, and that the restrictive diet did not extend beyond fifteen days); *Adair v. Okaloosa Cnty. Jail*, No. 3:07cv425/MCR/EMT, 2008 WL 564616, *2–3 (N.D. Fla. Feb. 27, 2008) (not binding but persuasive) (collecting cases and stating that the "[w]ithholding of food does not *per se* constitute an objectively serious deprivation in violation of the Constitution"). Plaintiff's vague allegations of receiving a small meal every morning, without more, are insufficient to state a claim against Officer Walker.

---

[4] All Fifth Circuit decisions entered before October 1, 1981 were adopted by the Eleventh Circuit as binding precedent. *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

As to the remaining Defendants (Secretary Dixon, Warden Swan, Captain James, and Ms. Cormier[5]), Plaintiff does not include any factual allegations to support a plausible claim of deliberate indifference or retaliation. To the extent these Defendants were listed in the Complaint for their role in the grievance process, denying a grievance or failing to properly process a grievance, without more, does not render a person liable for the underlying constitutional violation. *See Mathews v. Moss*, 506 F. App'x 981, 984 (11th Cir. 2013) (unpublished but persuasive) (finding that plaintiff failed to state a claim because he merely "alleged that his prison grievances were either ignored or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures"); *Jones v. Eckloff*, No. 2:12-cv-375-FTM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (not binding but persuasive) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (collecting cases)).

To the extent Plaintiff attempts to hold these Defendants liable based solely on their supervisory positions, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352,

[5] Ms. Cormier is listed as a party Defendant only in the caption of the Complaint.

1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). Supervisory liability arises under § 1983 only "when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between actions of a supervising official and the alleged constitutional deprivation." *Id.* Plaintiff fails to state a claim for relief against these Defendants in their individual capacities solely based on their supervisory positions.

Plaintiff's official-capacity claims against Defendants must also be dismissed. Official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S 658, 690 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, suing the correctional Defendants in their official capacities is equivalent to suing the FDOC itself, but the FDOC is not a "person" within the meaning of 42 U.S.C. § 1983, and is immune from liability for damages. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986); *Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011) (unpublished but persuasive). Although injunctive relief may be available against the FDOC, *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986), Plaintiff fails to allege that any policy, custom, or practice of the FDOC was the moving force behind his alleged constitutional violations. *See Graham*, 473 U.S. at 166

("[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law." (internal quotation marks and citations omitted)); *Monell*, 436 U.S. at 693–94 (concluding that municipal liability under § 1983 occurs "when execution of a government's policy or custom" is "the moving force" behind the constitutional violation).

Likewise, Plaintiff's official-capacity claims against Nurse Smith and Nurse Richardson as employees of Centurion must be dismissed for failure to state a claim. Where a claim of deliberate medical indifference is brought against a private contractor based on its functional equivalence to a government entity, liability under § 1983 cannot be based on a theory of respondeat superior. *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (citation omitted). Instead, the plaintiff must show that the entity "had a 'policy or custom' of deliberate indifference that led to the violation of his constitutional right." *Id.* (citing *Monell*, 436 U.S. at 694). A government entity rarely will have adopted an official policy that permits a particular constitutional violation; therefore, most plaintiffs proceed under a theory that the government entity has an unofficial custom or practice of permitting the alleged violation. *See Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1330 (11th Cir. 2003); *Craig*, 643 F.3d at 1310. Allegations of an unconstitutional custom

or practice cannot be conclusory. *See Rankin v. Bd. of Regents of the Univ. Sys. of Ga.*, 732 F. App'x 779, 783 (11th Cir. 2018) (unpublished but persuasive). Instead, a plaintiff must allege facts "show[ing] a persistent and widespread practice." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1332 (11th Cir. 2007) (quoting *Depew v. City of St. Mary's, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986)). Plaintiff does not allege that any constitutional violation was attributable to a Centurion policy or custom. Therefore, the official-capacity claims against the nurses must be dismissed. Based on the foregoing, the Court will dismiss Plaintiff's Complaint without prejudice for failure to state a plausible claim for relief.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c: Gene A. Freeman, #J42069